# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **E.H. and J.S.**

**No. 23-139** (Mercer County CC-28-2021-JA-2-DS and CC-28-2021-JA-3-DS)

## MEMORANDUM DECISION

Petitioner Father R.H.[1] appeals the Circuit Court of Mercer County's February 16, 2023, order terminating his parental, custodial, and guardianship rights to E.H. and J.S.,[2] arguing that the circuit court erred in making evidentiary rulings and in denying petitioner's verbal motion for a post-dispositional improvement period. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2021, the DHS filed a petition alleging that petitioner and his wife, B.H., abused their children.[3] The petition alleged that petitioner struck B.H. in the children's presence and sexually abused his stepdaughter. Due to the allegations, Child Protect of Mercer County, Inc. conducted forensic interviews of petitioner's stepchildren. Petitioner's stepson reported witnessing domestic violence between B.H. and petitioner. Petitioner's stepdaughter explained that petitioner sexually abused her and detailed his conduct. In February 2021, petitioner was indicted on charges stemming from that sexual abuse. Petitioner's stepdaughter testified at petitioner's criminal trial in July 2021. In September 2021, the circuit court conducted an adjudicatory hearing in the abuse and neglect case at which the stepdaughter's testimony from petitioner's criminal trial was introduced. No objections to the introduction of this evidence appear in the transcript. The court

---

[1]Petitioner appears by counsel Gerald L. Linkous. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Stephen R. Compton. Counsel Elizabeth Davis appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The original petition included petitioner's two biological children and his two stepchildren. Petitioner voluntarily relinquished any rights he may have to his stepchildren, and they are not at issue here.

heard testimony from the psychologist who performed petitioner's parental fitness evaluation. When the psychologist was asked if he knew that petitioner was found not guilty in his criminal case, the court interrupted, stating that was not a proper question and the criminal verdict had no effect upon the abuse and neglect proceeding due to the different burdens of proof. No objections were made. The court also heard testimony from petitioner, who admitted that he had exposed the children to domestic violence but denied any sexual abuse. The circuit court found that petitioner abused the children based on his admission to engaging in domestic violence with B.H. In November 2021, the circuit court entered an order stating that it had reviewed petitioner's stepdaughter's forensic interview and found by clear and convincing evidence that petitioner sexually abused his stepdaughter.

Following adjudication, the court proceeded to a dispositional hearing in December 2021, at which petitioner's counsel made a verbal motion for an improvement period. The court did not address petitioner's motion for an improvement period and terminated petitioner's parental, custodial, and guardianship rights to the children by order entered December 27, 2021. Petitioner appealed, and we found that the court's dispositional order did not contain the requisite findings of fact and conclusions of law to support termination of petitioner's parental rights. *See In re E.H.*, 247 W. Va. 456, 880 S.E.2d 922 (2022). We remanded the matter for "any further proceedings necessary to permit the circuit court to enter a dispositional order containing the requisite findings of fact and conclusions of law in accordance with the provisions of W. Va. Code § 49-4-604 and Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings." *Id.* at 461, 880 S.E.2d at 927.

On remand, the circuit court held an evidentiary hearing in December 2022, at which it discussed the drafting of a new dispositional order and the question of post-termination visitation. Petitioner, J.S.'s nonabusing mother, and B.H. testified. J.S.'s mother testified that J.S. is developmentally delayed and she was concerned about his ability to report any type of abuse. B.H. testified that E.H. has autism spectrum disorder and is considered nonverbal. She, too, expressed concern that E.H. would be unable to report any type of abuse. The court entered a new dispositional order on February 16, 2023. In the order, the court found that petitioner sexually abused his stepdaughter and refused to acknowledge the sexual abuse, thus, there was no reasonable likelihood that the conditions of abuse and neglect that led to the filing of the initial petition would be substantially corrected in the future. Pursuant to West Virginia Code § 49-4-604(c)(7)(A),[4] the court noted that due to the aggravated circumstance of sexual abuse, the DHS

---

[4]That statute provides:

(7) For purposes of the court's consideration of the disposition custody of a child pursuant to this subsection, the department is not required to make reasonable efforts to preserve the family if the court determines:

(A) The parent has subjected the child, another child of the parent or any other child residing in the same household or under the temporary or permanent custody of the parent to aggravated circumstances which include, but are not limited to, abandonment, torture, chronic abuse, and sexual abuse[.]

2

was not required to make reasonable efforts to preserve the family. Ultimately, the court found that it was necessary for the children's welfare that petitioner's parental, custodial, and guardianship rights be terminated.[5] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues the circuit court erred by admitting and considering his stepdaughter's testimony from petitioner's criminal trial and in prohibiting an expert from considering the outcome of his criminal trial. However, petitioner cannot raise this argument at the final hour. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). The record shows that petitioner did not raise any objections when his stepdaughter's testimony was introduced or when the psychologist testified, and no related motions appear in the record. As petitioner is clearly prohibited from raising new arguments on appeal, we decline to disturb the court's findings.[6]

Petitioner also argues that the circuit court erred in failing to grant his motion for a post-adjudicatory improvement period. Petitioner asserts that his verbal motion for a post-adjudicatory improvement was proper pursuant to Rule 17(c)(1) of the Rules of Procedure for Child Abuse and Neglect Proceedings. To the contrary, "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021). In fact, the court specifically suggested at its December 2021 dispositional hearing that the attorneys should read this Court's recent opinion in *Wilson* governing improvement periods. Because petitioner failed to file a written motion, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 16, 2023, order is hereby affirmed.

Affirmed.

---

W. Va. Code § 49-4-604(c)(7)(A)

[5]The permanency plan for E.H. is placement with his mother. The permanency plan for J.S. is placement with his nonabusing mother. Petitioner's stepchildren are placed with their nonabusing father.

[6]On appeal, petitioner raises two additional assignments of error predicated on his assertion that the circuit court erred in its evidentiary rulings at adjudication. However, because he failed to raise these issues with the circuit court, they will not be considered on appeal.

**ISSUED**: April 15, 2024


**CONCURRED IN BY**:


Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn